UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:17-CR-116PPS |
| ) | |
| TORRENCE L. HAMILTON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Defendant Torrence L. Hamilton previously pleaded guilty pursuant to a plea agreement. [DE 43.] He is presently detained at the Kankakee County (Illinois) Jail, pending his sentencing, which is set for October 22, 2020. Before me is Hamilton's Motion For Review of Detention Order, which asks that he be released from jail pending sentencing on account of the ongoing COVID-19 pandemic affecting correctional institutions and the nation at large. [DE 45.] The Government filed a brief opposing the motion. Hamilton waived his in-person appearance and a hearing on this matter took place via video-telephonic conference on May 20, 2020. At the hearing, both the Government and Hamilton proceeded by way of proffer. At the conclusion of the hearing, I denied Hamilton's motion on the record and stated the reasons for my decision. This opinion reduces my findings and ruling to writing.

Hamilton was arrested in September 2017, and stipulated to detention. [DE 8.] On February 6, 2020, Hamilton entered a guilty plea, pleading guilty to having been a felon in possession of a firearm. Pursuant to that plea, he is facing a minimum term of

imprisonment of 15 years as a result of his three prior convictions for a violent felony or serious drug offense. [DE 39, 43.] Since Hamilton entered his guilty plea, however, the COVID-19 pandemic has turned the world, both inside and outside correctional centers, upside down. And it is primarily because of the dangers posed by COVID-19 that Hamilton seeks release pending his sentencing, which is currently scheduled for October 22, 2020. [DE 43.] He filed his Motion for Review of Detention Order on April 17, 2020. [DE 45.]

The legal standards governing a District Court's ability to release a detained individual on bond after they have pleaded guilty but not yet been sentenced are a little murky. For example, 18 U.S.C. § 3142(i) contains a "compelling reason" standard for "temporary release" subsequent to a prior detention order issued under § 3142(e). Subsection (i) addresses the particular contents a pretrial detention order must include, and goes on to allow that "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." I have previously found that § 3142(i) does not apply after a defendant has entered a plea of guilty. *United States v. Devon Gibson,* 2:19CR40-PPS, Opinion and Order of April 20, 2020, p.3.

Instead, after a defendant has been adjudicated guilty, their detention is governed by § 3143, which is entitled "Release or detention of a defendant pending

2

sentence or appeal." More specifically, § 3143(a)(1) states that a person who has been found guilty and is awaiting a sentence should be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1).

In addition, Section § 3145(c) provides that a defendant like Hamilton, subject to detention under § 3143(a)(2), who can show by clear and convincing evidence that he is not likely to flee or pose a danger to the community, can be released under appropriate conditions "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." There remains some disagreement among courts whether §3145(c)'s "exceptional reasons" standard is available to district court judges or only to court of appeals judges, given its context in a provision cross-referencing other statutes governing matters in the court of appeals. *See United States v. Hamilton*, ___ F.Supp.3d ___, 2020 WL 1503444, at *4 (D.D.C. March 27, 2020). But the Seventh Circuit is within the "overwhelming majority of the judicial decisions" holding that "a district court judge may order a person released pursuant to 18 U.S.C. §3145(c)." *Id.*, citing *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992). *See also United States v. Young*, No. 2:18CR21-2-TLS/APR, 2020 WL 2092837, at *2 (N.D.Ind. April 30, 2020) (Springmann, C.J.).

At the end of the day, this is much more of an academic discussion than anything else. I see no meaningful distinction between the § 3142(i)'s "compelling

3

circumstances" test and § 3145(c)'s "exceptional reasons" standard. So whether the defendant has been adjudicated guilty or not, there appears to be a fail safe clause for court's to use in releasing a defendant as long as there are either "compelling circumstances" — in cases where a defendant has not yet been adjudicated guilty and §3142 is in play— or "exceptional reasons" in cases where a defendant has been so adjudicated and § 3143 and § 3145 govern.

Turning to the specifics of this case, Hamilton can be released only if he shows, by clear and convincing evidence, that he is unlikely to flee or pose a danger to the safety of any other person or the community if released. And because he has already pleaded guilty, he must also demonstrate that there are "exceptional reasons" why his continued detention is inappropriate, under the standard of § 3145(c). Hamilton does not meet these requirements.

Specifically, the Government indicated at the hearing that while it has not made a final recommendation, it fully anticipates seeking a term of imprisonment for Mr. Hamilton. Furthermore, Hamilton has a lengthy and troubling criminal history predating this case that includes 11 felony convictions, three of which involved either controlled substances or violent felonies, including the distribution of crack cocaine and use of firearms. He also has a history of violating the terms and conditions of bond and failing to appear in court. That cuts strongly against him since he is currently 50 years old and facing a lengthy prison sentence for what he has pleaded guilty to. All of this is strong evidence that Hamilton remains a danger to the community and posses a flight

risk if he were released pending sentencing. He has offered no evidence to rebut that either, especially not by clear and convincing evidence.

Nor am I persuaded that Hamilton has demonstrated exceptional reasons that his continued detention is inappropriate. Obviously, the COVID-19 pandemic is itself an exceptional circumstance. But it is equally true that the pandemic cannot justify the wholesale emptying of all jails and prisons as a matter of course. Hamilton must show me there is something about the COVID-19 pandemic, as it relates to him specifically, that justifies his release. What's more, it was proffered at the hearing that as of that date, there had been no confirmed cases of COVID-19 at the facility in which Hamilton is detained. It thus seems officials at that facility have done a good job combating the virus, and it's perhaps more likely that Hamilton could contract the virus if released as opposed to being detained in a facility in which the virus has been kept at bay.

For all these reasons, while I am sympathetic to Hamilton and others who are experiencing hardship and fear due to being incarcerated during this COVID pandemic, I must conclude that Hamilton has not demonstrated a basis for his release pending sentencing. I recognize that we are dealing with this pandemic on an ongoing basis. Matters change rapidly; there are new developments that seem to occur on nearly a daily basis.  Therefore, it should go without saying that this order, like all orders, is subject to reconsideration should there be a substantive change in the facts.  But for now, based on the information presently before me, Hamilton must remain detained.

ACCORDINGLY:  Defendant Torrence L. Hamilton's Motion for Release on Home Detention [DE 45] is DENIED.

SO ORDERED on May 26, 2020.

      /s/ Philip P. Simon
     PHILIP P. SIMON, JUDGE
     UNITED STATES DISTRICT COURT